IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0035
════════════
 
Thao Chau and Ha Dien Do, 
Individually, and on behalf of their Minor Child, S.D.D. , 
Petitioners,
 
v.
 
Jefferson Riddle, M.D. and 
Greater Houston Anesthesiology, P.A., Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the First District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Thao Chau and 
her family brought this healthcare liability suit against Dr. Jefferson Riddle 
and his professional association, Greater Houston Anesthesiology, P.A., alleging 
that Riddle=s 
negligence in intubating Chau=s son, S.D., deprived him 
of oxygen and caused brain damage.  The trial court granted the 
defendants= motion for 
summary judgment and a divided court of appeals affirmed, reasoning that Riddle 
conclusively established the Good Samaritan defense.  212 S.W.3d 699, 
711.  We hold, however, that Riddle did not conclusively establish that he 
is entitled to the Good Samaritan defense, and, accordingly, we reverse the 
court of appeals= 
judgment.

Riddle was 
the on-call anesthesiologist for the labor and delivery suites at Memorial 
Hermann Southwest Hospital on the night of October 29B30, 2001.  While on 
his shift, Riddle was called upon to administer anesthesia to Chau during her 
emergency cesarean section.  When S.D., one of Chau=s twins, was delivered, he 
was not breathing.  After the nurses and residents present were unable to 
resuscitate S.D., Dr. Duc Le, Chau=s obstetrician and her 
attending physician, asked Riddle to intubate S.D.  It is undisputed that 
Riddle did so, then, allegedly without performing all the immediate follow-up 
checks typically required by the standard of care and leaving the nurses and 
residents to secure the tube, returned to Chau.  The nurses and residents 
continued to attempt to resuscitate S.D., but they were unsuccessful.  
Twelve minutes after Riddle=s intubation, the 
neonatologist arrived and discovered that the tube was in S.D.=s esophagus instead of his 
trachea.  As soon as she moved the tube to S.D.=s trachea, he began to 
breathe, but had suffered permanent brain damage in the interim.
In the trial 
court, Riddle and Greater Houston Anesthesiology (collectively ARiddle@) argued that because 
Riddle had responded to the emergency of S.D. not being able to breathe, 
Texas=s Good Samaritan 
statute precluded any liability for negligence.[1]  
Riddle moved for summary judgment, arguing both that he had conclusively proved 
he was entitled to the affirmative Good Samaritan defense and that Chau had 
presented no evidence of duty or causation.  The trial court granted 
Riddle=s motion 
without specifying the grounds, and the court of appeals affirmed, reasoning 
that Riddle had established the Good Samaritan defense as a matter of law.  
Id.

In this 
Court, Chau challenges the court of appeals= holding that the trial 
court did not abuse its discretion in enforcing a docket control order or in 
striking part of Chau=s expert testimony.  
We agree with the court of appeals= resolution of those 
issues.  However, we agree with Chau that the court of appeals erred in 
concluding that Riddle conclusively established the Good Samaritan defense.
To prevail on 
his summary-judgment motion on the Good Samaritan affirmative defense, Riddle 
had the burden to conclusively establish each of its elements.  McIntyre 
v. Ramirez, 109 S.W.3d 741, 742, 748 (Tex. 2003).  Under the Good 
Samaritan statute, a medical professional assisting in an emergency in a 
hospital may be exempted from liability for medical negligence under certain 
circumstances.  See Tex. 
Civ. Prac. & Rem. Code _ 74.001(c); McIntyre, 109 S.W.3d 
at 744.  However, that exemption from liability is subject to a number of 
exceptions, three of which are at issue here.  In pertinent part, the 
statute provides:
 
(b) This 
section does not apply to care administered:
 
(1) for or 
in expectation of remuneration; 
 
. . .
 
(c) If the 
scene of an emergency is in a hospital or other health care facility or means of 
medical transport, a person who in good faith administers emergency care is not 
liable in civil damages for an act performed during the emergency unless the act 
is wilfully or wantonly negligent, provided that this subsection does not apply 
to care administered:
 
(1) by a 
person who regularly administers care in a hospital emergency room unless such 
person is at the scene of the emergency for reasons wholly unrelated to the 
person=s work in 
administering health care; or
 

(2) by an 
admitting or attending physician of the patient or a treating physician 
associated by the admitting or attending physician of the patient in 
question.
 
Tex. Civ. Prac. & Rem. Code _ 74.001(b)B(c).  Thus, a doctor 
performing his or her work in an emergency room, a doctor associated by the 
admitting or attending physician, and a doctor who charges for his or her 
services are all precluded from the statute=s protection.  Chau 
contends Riddle falls under each of these exceptions.  Because we agree 
that there is at least an issue of material fact as to whether Riddle was Aassociated by the admitting 
or attending physician,@ we need not consider 
whether Riddle regularly administers care in an emergency room or charged for 
his services.  Id. ' 74.001(c)(2).
 We 
assume, as the parties do, that Riddle administered emergency care to S.D.  
In holding that Riddle conclusively proved he was not associated by the 
attending physician, the court of appeals ignored Chau=s expert=s testimony that he was a 
part of a Alabor and 
delivery team@ and was 
expected to share in the care of both the mother and the newborn.  The 
expert testified:
 
If is 
foreseeable that an anesthesiologist may have to intubate a newborn when called 
to assist in a cesarean section such as the one in this case.  This is 
because it happens on an anesthesiologist=s watch from time to time 
where there is no neonatologist, where he/she has not yet arrived, or even when 
the neonatologist is present but requests assistance.  By virtue of the 
fact that a child is about to be delivered, when a neonatologist is not present, 
the anesthesiologist knows that as part of the labor and delivery team, he may 
be sharing in the care and responsibility of the mother and child (or children) 
being delivered.
 

This testimony 
raises a question of material fact as to whether Riddle was associated by 
S.D.=s physician in 
his treatment immediately following delivery.  This evidence does not 
conclusively show Riddle is not entitled to the Good Samaritan defense, but it 
does preclude summary judgment in his favor.  Thus, the court of appeals 
erred in affirming summary judgment for Riddle on his affirmative defense.
Our 
application of the statute in this case is consistent with the legislative 
purpose behind extending the Good Samaritan defense to medical professionals in 
hospital settings.  The statute is intended to increase the incentives for 
physicians to respond voluntarily to medical emergencies, even if they occur in 
a hospital.  McIntyre, 109 S.W.3d at 745.  The exclusions built 
into the statute ensure that medical professionals are only entitled to the 
defense if their actions are truly voluntary, not simply part of the 
professional=s 
ordinary duties.  See Tex. 
Civ. Prac. & Rem. Code ' 74.001(b)B(c).  As such, this case can be 
distinguished from McIntyre, where we upheld the doctor=s assertion of the Good 
Samaritan defense.  There, Douglas McIntyre, an obstetrician, was in the 
hospital visiting one of his patients when he responded to a page over the 
intercom requesting that a doctor immediately assist with Debra Ramirez=s delivery.  Unlike in 
this case, McIntyre was not part of the dedicated medical staff working with 
Ramirez, was not on-call, and was not expected to respond to such an 
emergency.  Instead, he was going about his scheduled appointments when he 
voluntarily came to another patient=s aid.  
McIntyre, 109 S.W.3d at 743, 749.[2]  
In contrast, there is evidence here that it was part of Riddle=s job as the 
anesthesiologist in the delivery room to intubate a newborn if the circumstances 
required.

Given the 
legislative purpose behind the Good Samaritan defense and the testimony that 
Riddle was part of a Alabor and delivery 
team,@ we cannot agree 
with the court of appeals= conclusion that Riddle 
established his entitlement to the defense as a matter of law.  
Accordingly, without hearing oral argument, we grant the petition for review, 
reverse the court of appeals= judgment, and remand to 
the court of appeals to consider whether the summary judgment should be affirmed 
on alternative grounds.  See Tex. R. App. P. 59.1.
 
Opinion 
Delivered: May 16, 2008




[1] At the time of these events, the Good Samaritan statute 
was codified at Texas Civil Practice and Remedies Code section 74.001.  It 
has since been heavily amended and is now found at Texas Civil Practice and 
Remedies Code section 74.151.  All references to the Good Samaritan statute 
in this opinion will be to section 74.001 as it stood in 2001.  See 
Act of June 16, 1985, 69th Leg., R.S., ch. 962, 1985 Tex. Gen. Laws 3325, 
amended by Act of June 19, 1993, 73d Leg., R.S., ch. 960, 1993 Tex. Gen. 
Laws 4193B94, amended by Act of June 18, 1999, 76th Leg., 
R.S., ch. 679, 1999 Tex. Gen. Laws 3251.

[2] In McIntyre, we addressed only the remuneration 
exception to the Good Samaritan defense; we did not discuss whether McIntyre fit 
into the Aassociated by@ exception.  McIntyre, 109 S.W.3d 
741.